```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
NORMA KNOPF and MICHAEL KNOPF,           :
                                         :        15cv5090(DLC)
                Plaintiffs,              :
                                         :         MEMORANDUM
       -v-                               :       OPINION & ORDER
                                         :
MEISTER, SEELIG & FEIN, LLP and          :
PURSUIT HOLDINGS, LLC.                   :
                                         :
                Defendants.              :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

This case involves two Notices of Pendency ("Notices") filed pursuant to N.Y. CPLR § 6501 by plaintiffs Norma and Michael Knopf ("Plaintiffs") on two New York City properties wholly owned by defendant Pursuit Holdings, LLC ("Pursuit"). Those properties are 10 Bedford Street, Units 1, 2, and 4 (the "Townhouse") and 44 East 67th Street, Unit PHC ("PHC"; collectively, the "Properties").

Litigation involving these two Properties -- including litigation over other notices of pendency on the Properties -- has been ongoing in New York state court for over six years. Plaintiffs filed initial Notices of Pendency ("Initial Notices") on the Properties in September 2009 and soon thereafter filed suit against Pursuit, alleging breach of certain loan agreements entitling Plaintiffs to mortgages on the Properties; in

1

addition, Plaintiffs sought to impose a constructive trust on the Properties or, in the alternative, obtain monetary damages. On December 11, 2014, the Appellate Department affirmed the lower court's grant of summary judgment on the breach of contract claim and its denial of summary judgment on the constructive trust claim, holding that in regard to the latter that Plaintiffs had "not made an evidentiary showing" at that stage "that monetary damages would be inadequate" as a remedy.

On December 23, 2014, the lower court granted Pursuit's motion to cancel the Initial Notices, a decision that was upheld on July 2, 2015 because Plaintiffs "failed to show that monetary damages would be inadequate" as a remedy for their breach of contract claims and because service on Pursuit had been defective. Knopf v. Sanford, --- N.Y.S.3d ---, 2015 WL 5794358, at *1 (1st Dep't Oct. 6, 2015).[1] Plaintiffs moved before the state court for a pre-judgment attachment pursuant to CPLR § 6201 in order to "prohibit[] Pursuit from transferring" the Properties; on July 23, the court denied the motion for attachment.

The Plaintiffs filed the instant case in federal court on July 1, 2015, invoking this Court's diversity jurisdiction. As of that date, the Plaintiffs were on notice that the Appellate

---

[1] The decision of July 2d was reissued as amended on October 6.

2

Division intended to uphold the cancellation of the Initial Notices.  This federal action is brought against Pursuit and its counsel in the state court litigation, Meister, Seelig & Fein, LLP ("MSF").  MSF represented Pursuit and its principal Michael Sanford in state court proceedings to cancel the Initial Notices.  On January 5, 2015, Pursuit granted MSF a $575,000 mortgage on PHC to secure payment of Pursuit's legal fees.  Plaintiffs filed the new Notices and initiated this suit, alleging that Pursuit is indigent, and therefore judgment-proof, and that the PHC mortgage transaction was a fraudulent conveyance.  They seek in this case to cancel the mortgage on PHC and request a permanent injunction preventing the transfer or encumbrance of both PHC and the Townhouse.  Following a conference with the Court on October 9, defendants moved on October 13 to cancel the new Notices.  Following expedited briefing, this application became fully submitted today.

   New York CPLR § 6501 provides that "[a] notice of pendency may be filed in any action . . . in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property."  Courts use a "narrow" approach "in reviewing whether an action is one affecting the title to, or the possession, use or enjoyment of, real property."  <u>5303 Realty Corp. v. O & Y Equity Corp.</u>, 64 N.Y.2d 313, 321 (1984)

(citation omitted).  That is, courts do not "investigate the underlying transaction in determining whether a complaint comes within the scope of CPLR 6501"; rather, a "court's analysis is to be limited to the pleading's face."  Id.

"[A] court must uphold a notice of pendency if the underlying complaint sets forth a claim within the scope of [§] 6501."  Diaz v. Paterson, 547 F.3d 88, 91 (2d Cir. 2008).  But "attempts to file a notice of pendency in controversies that more or less refer[] to real property, but which [do] not necessarily seek to directly affect title to or possession of the land," generally fail, 5303 Realty Corp., 64 N.Y.2d at 321, and in all events "it is simply improper to use a notice of pendency as a form of attachment."  Id. at 324.

Under the standards set forth in the CPLR, Plaintiffs' Notices must be cancelled.  First, the Complaint here only alleges a fraudulent conveyance claim with respect to PHC, and therefore the notice of lis pendens -- which must "affect the title to, or the possession, use or enjoyment of, real property" -- could only be entered with respect to PHC.  The Complaint asserts that Pursuit improperly conveyed a mortgage on PHC to MSF.  It does not assert any fraudulent conveyance of an interest in the Townhouse to MSF.

But, the Notice filed as to PHC must be cancelled as well.

4

The Defendants have shown that the Plaintiffs lacked good faith in filing the Notice.  CPLR 6514(b), which provides for "discretionary cancellation," permits a court "upon motion of any person aggrieved" to cancel a notice of pendency if "the plaintiff has not commenced or prosecuted the action in good faith."  Plaintiffs have not explained why they cannot now and did not previously raise before the state court any arguments made here to support the refiling of a notice so recently cancelled by the state court.  Moreover, the Plaintiffs' argument that the filing of the Notices is necessitated by Pursuit's indigence -- an argument which, if meritorious, could be made in state court -- fails to persuade.  Whatever Pursuit's financial condition, the fraudulent conveyance claim is lodged against MSF, and the Plaintiffs do not suggest that MSF lacks the capacity to repay the total amount of the alleged fraudulent conveyance.  MSF is an established law firm with scores of employees and multiple offices.

There is, in other words, no good reason why Plaintiffs are not presenting their arguments to support reimposition of the recently-cancelled Notices to the state court forum.  "Where a plaintiff is using the notice of pendency for an ulterior purpose, a finding of lack of good faith can be made." Lessard Architectural Grp., Inc., P.C. v. X & Y Dev. Grp., LLC, 930

N.Y.S.2d 652, 654 (2d Dep't 2011) (citation omitted). To all appearances, Plaintiffs have reinstated their Notices and filed this suit in an attempt, in effect, to reverse the state court's decision to cancel the Initial Notices, and to obtain the equivalent of an attachment on the Properties pending judgment. This is an improper use of lis pendens. See 5303 Realty Corp., 64 N.Y.2d at 324.

While Plaintiffs contend that this federal action and its new Notices are wholly independent of the state court litigation since they are prompted solely by the fraudulent conveyance, that argument fails. To file a notice of pendency, the Plaintiffs must have filed an action in which a judgment will affect the title to, or an interest in, real property. The Plaintiffs' claim to a protectable interest in both Properties depends upon the success of their state court claims. The new Notices cannot be divorced from that litigation.

Accordingly, the Notices of Pendency on 10 Bedford Street, Units 1, 2, and 4, and 44 East 67th Street, Unit PHC, shall be cancelled pursuant to CPLR § 6514(b). The cancellation, however, shall be stayed for 10 days as to PHC to permit the Plaintiffs to return to state court and make any arguments made here that they believe may be persuasive. Defendants' request for "costs and expenses occasioned by the filing and

cancellation, in addition to any costs of the action" pursuant to CPLR § 6514(c) will be considered at a later date.

Dated:    New York, New York
          October 16, 2015

                                       DENISE COTE
                          United States District Judge